Aldrich *v.* Stockwell.

PAUL F. ALDRICH *vs.* CALVIN L. STOCKWELL.

If the vendor of an article, with warranty of quality, takes a promissory note for the price, payable on demand to a third person, and the article proves worthless, the maker of the note may rely upon the breach of warranty, in defence to an action upon it by the payee, although he cannot show that the payee had any knowledge of the warranty, or took the note otherwise than in good faith and for value.

CONTRACT upon three promissory notes, signed by the defendant, one of which was payable to the plaintiff or order on demand. There was no controversy as to the others.

At the trial in the superior court, before *Wilkinson,* J., the defendant offered to show in defence that the note was given for a water-wheel sold to him by L. F. Thompson, with warranty of quality, and was made payable to the plaintiff by Thompson's request; and that the water-wheel proved worthless. The defendant also stated that he was not prepared to show that the plaintiff had any knowledge of the transaction between himself and Thompson, or that he took the note otherwise than in good faith and for value, as between him and Thompson. Whereupon the judge ruled that the facts offered to be proved would constitute no defence, and the defendant submitted to a verdict, and alleged exceptions.

*C. H. B. Snow,* for the defendant, cited *Cabot* v. *Haskins,* 3 Pick. 83; *Pillans* v. *Van Mierop,* 3 Burr. 1663.

*G. A. Torrey,* for the plaintiff. The plaintiff stands in the position of a holder or acceptor for value, and the defence set up is not available against him. 1 Parsons on Notes, 180, 181,

199, 200. Bayley on Bills, (2d Amer. ed.) 550. *Thurston* v
*M'Kown*, 6 Mass. 428. *Sanger* v. *Cleveland*, 10 Mass. 415
The debt from Thompson to the plaintiff, and the discharge of
it, form a good consideration for the note ; and, upon the facts
stated, the existence of such debt is to be presumed. 1 Parsons
on Notes, 175, 183, 195. Byles on Bills, 93, 96. *Mansfield* v.
*Corbin*, 2 Cush. 151. *Millard* v. *Porter*, 18 Indiana, 503.
*Faikney* v. *Reynous*, 4 Burr. 2069. The defendant, by the trans-
action stated, converted his contingent indebtedness to Thomp-
son into an absolute indebtedness to the plaintiff, and cannot
set up the equities existing between him and Thompson in
defence to this suit. 1 Parsons on Notes, 51. *Horn* v. *Fuller*,
6 N. H. 511. *Thompson* v. *Emery*, 7 Fost. (N. H.) 269. *Wiggin*
v. *Damrell*, 4 N. H. 69. *Glascock* v. *Rand*, 14 Missouri, 549.
*Warner* v. *Whittaker*, 6 Michigan, 133. *Morrison* v. *Weaver*,
16 Indiana, 344. *King* v. *Fowler*, 16 Mass. 397.

GRAY, J. This action is by the original payee against the
maker of a promissory note payable on demand, and the burden
of proof was upon the plaintiff throughout the trial. The de-
fendant offered to prove that the note was given for a considera-
tion moving to the defendant from Thompson, at whose request
the note was made payable to the plaintiff; and that this con-
sideration was a sale with warranty of a water-wheel which
proved utterly worthless. If such were the facts, the defendant
was entitled to treat the sale as a nullity ; and the proof of
entire failure of consideration would have rebutted the pre-
sumption of consideration arising from the admission of the
making of the note, and would have established a complete de-
fence as between the original parties to the note.

One consideration of the note having been proved, there could
be no presumption, in the absence of evidence, that there was
any other ; and the defendant was not therefore obliged to prove
that there was no other consideration for the note. If there was
any other consideration, it was for the plaintiff to show it. As
the case stood, the plaintiff might have held the note in trust,
or as an agent, for Thompson. The presiding judge, by rul
ing that the facts offered to be proved by the defendant would

constitute no defence, left nothing upon which he could go to the jury. The verdict to which he submitted under this ruling must therefore be set aside. Upon a new trial, it will be open to the plaintiff to show, if he can, that the consideration which failed was not the only consideration for the note; but that there was another valuable consideration for it, moving from the plaintiff to Thompson.

If the plaintiff could be considered, as was suggested at the argument, in the light of an indorsee of a note made to Thompson, it would not aid him; because this note, being payable on demand, would be open to all the defences existing between the original parties when the indorsee took it. Gen. Sts. *c.* 53, § 10.

*Exceptions sustained.*